IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CONNOR FOSTER,[1] | § | |
| | § | No. 331, 2023 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CK13-02676 |
| SERENITY WOOD, | § | Petition No. 22-25791 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: February 23, 2024
Decided: April 22, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Connor Foster ("Father"), filed this appeal from a Family Court order, dated August 11, 2023, denying his petition to modify custody ("August 11, 2023 Order"). We find no merit to Father's appeal. Accordingly, we affirm the Family Court's judgment.

(2) Father and the appellee, Serenity Wood ("Mother"), are the parents of three children. After a hearing, the Family Court entered an order, dated May 26,

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

2022, granting Father and Mother joint legal custody of the children with Mother having primary placement of the children as long as she cooperated with the Division of Family Services ("May 26, 2022 Order"). The Family Court granted Father bi-weekly, supervised visitation at the Visitation Center. If he obtained a mental health evaluation as required by his case plan with the Division of Family Services, Father could have visitation with the children at the paternal grandmother's home every other weekend. The May 26, 2022 Order also included a referral form to the Visitation Center. Neither party appealed the May 26, 2022 Order.

(3) On December 5, 2022, the Father filed a petition to modify custody. He alleged that he was moving out of Delaware and sought to have custody of the children on the weekend. He also filed a motion for interim relief, requesting that the Family Court establish a schedule where he could pick up the children at the Visitation Center. He stated that he had not seen the children since January 2022.

(4) Mother opposed both motions, contending that Father had never visited the children at the Visitation Center after issuance of the May 26, 2022 Order. Mother also alleged, upon information and belief, that Father had not obtained a mental health evaluation. The Family Court denied Father's motion for interim relief, stating that Father had to contact the Visitation Center to set up his visitation with the children.

2

(5)     After a case management conference on August 10, 2023, the Family Court denied Father's petition.  Because the May 26, 2022 Custody Order was entered after a full hearing on the merits and Father filed the petition for custody modification within two years of entry of the May 26, 2022 Custody Order, the Family Court found that Father was required to satisfy the higher standard under 13 *Del. C.* § 729(c)(1) and had not done so.[2]  The Family Court also noted that Father had not moved to New Jersey and that there was no change in circumstances justifying modification.  This appeal followed.

(6)     This Court's review of a Family Court decision includes a review of both the law and the facts.[3]  Conclusions of law are reviewed *de novo*.[4]  Factual findings will not be disturbed on appeal unless they are clearly erroneous.[5]  On appeal, Father challenges various aspects of the May 26, 2022 Order.  Father did not appeal the May 26, 2022 Order and cannot belatedly seek reversal of that decision in this appeal.[6]

---

[2] Section 729(c)(1) requires a movant to show "continuing enforcement of the prior order may endanger the child's physical health or significantly impair such child's emotional development." This section applies when a movant seeks modification of custody or the child's residence within two years of a prior order concerning custody or primary residence that was entered after a full hearing on the merits. *Hill v. Fox*, 2024 WL 566073, at *3-4 (Del. Feb. 12, 2024) (explaining the different standards applicable to petitions for modification of prior Family Court orders).
[3] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[4] *Id.*
[5] *Id.*
[6] *See, e.g., Stone v. Smith*, 2023 WL 4994518, at *2 (Del. Aug. 3, 2023) (Del. Aug. 3, 2023) ("As a preliminary matter, the Mother has waived any arguments relating to the proceedings that led to the entry of the Custody Order because she failed to appeal that order."); *Grant v. Day*, 2023 WL

3

(7)     Although Father makes no arguments concerning the August 11, 2023 Order on appeal, it appears that his petition to modify custody sought modification of the visitation portions of the May 26, 2022 Order, not modification of the custody or residence provisions of that order. "An order concerning visitation may be modified at any time if the best interests of the child would be served thereby in accordance with standards set forth in § 728(a) of this title."[7]   Under § 728(a), the Family Court determines visitation "consistent with the child's best interests and maturity, which is designed to permit and encourage the child to have frequent and meaningful contact with both parents unless the Court finds, after a hearing, that contact of the child with 1 parent would endanger the child's physical health or significantly impair his or her emotional development."[8]   The best-interest factors are set forth in 13 *Del. C.* § 722(a).[9]   Given Father's failure to have any supervised visitation with the children at the Visitation Center in accordance with the May 26, 2022 Order, his continued residence in Delaware, and his apparent failure to obtain a mental health evaluation, he did not show that increasing his bi-weekly, supervised

4446661, at *2 (Del. July 10, 2023) (holding the appellant could not relitigate a decision she had failed to appeal).

[7] 13 *Del. C.* § 729(a).

[8] 13 *Del. C.* § 728(a).

[9] The § 722 factors include: (i) the wishes of the parents; (ii) the wishes of the child; (iii) the interaction of the child with his parents, relatives and any other residents of the household; (iv) the child's adjustment to his home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance of the parents with their rights and responsibilities to their child; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any other resident of the household.

visitation to weekly, unsupervised visitation was in the children's best interests. Accordingly, the Family Court's denial of Father's petition is affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice